UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA

REBECCA CHAUNCEY, §
 §
Plaintiff, §
 §
vs. §
 § Docket No. 1:10-CV-237
CITY OF RED BANK, §
 § JURY DEMAND    Collier/
"INTERIM" CHIEF OF POLICE §                     Carter
DAN KNIGHT, §
In his official capacity as an agent and §
Chief of Police for the City of Red Bank, §
Tennessee, and in his individual capacity, §
Defendants. §

## COMPLAINT

**Introduction:**

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 to redress the deprivation of rights secured to the plaintiff by the First and Fourteenth Amendments to the United States Constitution, the Tennessee Human Rights Act and the commons laws of the State of Tennessee by the defendants.

2. Plaintiff avers that the individually named agents of the City of Red Bank, Tennessee ("City") deprived plaintiff of her First Amendment rights without the due process of law.

3. Plaintiff avers that the individually named agent violated the plaintiff's rights to Due Process of law and Equal Protection of Law.

4. In addition, plaintiff avers that the individually named agent subjected plaintiff to defamation, humiliation, and mental anguish.

~ 1 ~

5. Plaintiff also maintains that the individually named agent committed these violations and torts as a result of policies, customs, and/or procedures of the City.

**Jurisdiction and Venue:**

6. This is an action to redress the deprivation of rights secured to the plaintiff by the First and Fourteenth Amendments to the United States Constitution and of Equal Protection under the same constitution. Thus, this Court is vested with original jurisdiction under 28 U.S.C. §§ 1331 and 1343.

7. Plaintiff invokes supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 and *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966) over the Plaintiff's cause of action under the constitutional, common law, and statutory laws of the State of Tennessee in that the said laws form the same case or controversy.

8. Venue is proper in this Court, Chattanooga Division, pursuant to 28 U.S.C. § 1391(B). All acts complained of occurred within Hamilton County, a political sub-division of the State of Tennessee, and physically located within the fourteen county district of this Court.

    a. Plaintiff is a resident of Hamilton County, Tennessee.

    b. To the best of plaintiff's knowledge and belief, the individually named agent is a resident of Hamilton County, Tennessee.

    c. The City is a political sub-division of the State of Tennessee located in Hamilton County, Tennessee.

**The Parties:**

9. At all times relevant to this cause of action, plaintiff was a "member" of the Red Bank Police Department ("Department").

10. At all times relevant to this cause of action, plaintiff was an employee of the City as defined under TENN. CODE ANN. § 29-30-102(b).

11. At all times relevant to this cause of action, the City is a political subdivisions of the State of Tennessee organized and existing under the laws of the State of Tennessee.

    a. The City finances its department and is required to provide rules and regulations for the operation of the department pursuant to TENN. CODE ANN. § 6-54-123.

    b. The City is required to provide oversight of the discipline actions of the supervisory personnel of the department and to provide a forum for appeals of employment discipline against individual employees of the department.

    c. The City is required to ensure members of its Department are free from an abusive and hostile work place; from retaliation and intimidation for disclosing, investigating, and reporting the misconduct of other members of the department and the City government.

12. At all times relevant to this cause of action, the City is responsible for the creation and maintenance of the department, which is a law enforcement agency created under Tennessee state law and regulated by the laws of the State of Tennessee.

13. At all times relevant to this cause of action, the individually named agent was employed by the City and acted under the color of law, statute, ordinance, regulation, custom, or usage. In addition:

    a. At all times relevant to this cause of action Defendant Dan Knight ("Knight"), acted in his official and individual capacities as the personal

~ 3 ~

representative of the City as the "interim" Chief of Police responsible for the administrative and operational oversight of the department. Knight acted in his official and individual capacities in the misconduct herein described. Plaintiff sues this defendant in his individual and official capacities.

**Factual Basis of Complaint:**

*Murray Incident:*

14. On April 3, 2010, Department officer TAMMIE DELASHMITT ("Delashmitt") conducted an illegal traffic stop of JOHN ANTHONY MURRAY ("Murray") while in her marked City police car, and outside of the jurisdiction of the City.

15. Delashmitt conducted the traffic stop in the corporate limits of the City of Soddy-Daisy, Tennessee.

16. Delashmitt had no lawful authority to conduct the traffic stop.

17. Delashmitt called her husband, JIM DELASHMITT ("husband") on her cell phone.

18. Husband was a deputy with the Hamilton County Sheriff.

19. Delashmitt requested husband to "assist" in the traffic stop.

20. Husband conducted a DUI investigation of Murray and seized Murray and placed Murray into his Hamilton County Sheriff's Department patrol vehicle.

21. Husband's supervisor, SGT. BRIAN McDOWELL ("McDowell") notified husband that husband could not arrest Murray, and husband released Murray.

22. Delashmitt used her police radio, and stated, "show me one in custody."

23. Delashmitt took Murray to the Red Bank police station.

~ 4 ~

24. Delashmitt made a police report that she stopped Murray out of jurisdiction and conducted the DUI investigation and arrested Murray.

25. Red Bank Officer IKE COOPER ("Cooper") and Plaintiff saw what Delashmitt was doing and told her to stop.

   a. Plaintiff, at the time she told Delashmitt to stop and at the time of the events stated further, was a supervisor on second shift with the rank of corporal.

26. Department policy is that City police cannot book an arrestee into the Hamilton County jail without a magistrate's endorsement on an arrest warrant.

27. Plaintiff called the duty magistrate at the jail, BOB DAVIS ("Davis"), who declined to sign an arrest warrant based upon the facts.

28. Plaintiff contacted City Judge JOHNNY HOUSTON ("Houston") for advice on how to proceed with the arrest of Murray in order to get Murray booked into the jail.

29. Houston advised the officers to make the arrest a "citizen's arrest."

30. Delashmitt held Murray at the Red Bank City holding cell from nearly eight hours before booking him into the jail at about 10:00 p.m.

31. Delashmitt created official police documents to change the report from an arrest to incident report titled "assist other agency."

32. The first report, as stated in ¶ 24 was deleted from the police report data base.

33. The husband made a sheriff's department report to support his wife's conduct in the illegal arrest at about the same time Murray was booked. This report was

~ 5 ~

not at the time of the arrest. Rather, at the time his wife took Murray to the jail. This was the only way Davis would agree to allow Murray to be lodged at the jail.

35. Plaintiff supported fellow officer BRADLEY HANON's attempts to report the unlawful actions of Tammie Delashmitt to members of City government.

    a. Defendant Knight, at the time a sergeant, investigated the complaint of misconduct reported by Hanon.

    b. Plaintiff reported to Knight that Delashmitt made false reports to support her actions with Murray. These reports were written police reports and verbal reports to Knight.

36. Hanon's report of Delashmitt's misconduct did not go beyond any discipline imposed on Delashmitt from former chief LARRY SNEED other than a verbal reprimand; he failed to correct the unlawful arrest and conviction of Murray; failed to address the tampering of police records; and failed to take measures so such conduct did not reoccur.

37. Plaintiff had a clean record.

***City Policies:***

38. The City has two policies and procedures manuals. Although titled as the policy of the City, it contains references as the policy for the "City of Cleveland."

39. City supervisory personnel depart from the manuals and apply the requirements as they deem fit to suit their needs, such as in this instance.

40. On August 6, 2010, Defendant Dan Knight ("Knight") interviewed Plaintiff about a violation of policy wherein she allowed Officer Steven Meador to have

~ 6 ~

in the trunk of his patrol car an assault rifle without prior permission from the chief and without prior "qualification."

41. The custom of the City was that officers used whatever weapons they wished but had to eventually become "qualified" with the weapon.

    a. Sgt. Stephen Satterwhite used an assault rifle in the same circumstances as Meador without any discipline, although known to Satterwhite's superior officers.

    b. Officer Stoney Morton, a member of the City SWAT team used weapons on duty and for months without the approvals and qualifications Knight claimed in his action against Plaintiff, all without the same discipline imposed on Plaintiff despite the full knowledge of Morton's superior officers.

42. Knight suspended Plaintiff for seven days, placed her on probation for six months, required her to attend a supervisor training program, and monthly reviews of her performance as a corporal.

43. In Knight's letter of notice to Plaintiff of the actions as stated in ¶ 42, he stated, "These actions should be viewed not as punishment but as measures to correct actions."

**1. Violations of Civil Rights Under Color of Law 42 U.S.C. §1983:**

44. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the plaintiff reasserts and incorporates ¶¶ 1 through 43.

45. Knight acted under color of law, and at the time of such occurrence, acting by virtue of or under color of his office, and his negligence and intentional acts deprived

~ 7 ~

the Plaintiff of her rights secured to her under the United States and Tennessee Constitutions as follows:

    a.    Procedural Due Process;

    b.    Equal Protection of law;

    c.    Freedom of Speech.

46. Defendant Knight's actions and omissions in his direct involvement constituted ratification and approval by the City of his unlawful actions.

47. City has a policy practice, or custom to improperly investigate employee complaints of a hostile work environment, reports of police corruption, and police criminal conduct, and retaliation against officers who report such misconduct. This failure constitutes a policy, practice, or custom of deliberate indifference. The direct involvement of Knight reveals this as a policy practice, or custom of the City as this defendant is the highest level of policy-maker for the City's police department.

48. The City has a policy, practice, or custom to enforce two policies arbitrarily and capriciously and as tools to retaliate against employees who report misconduct to give a fake impression of legality in any disciplinary actions. This failure constitutes a policy, practice, or custom of deliberate indifference. The direct involvement of Knight reveals this as a policy practice, or custom of the City as this defendant is the highest level of policy-makers for the City police department.

49. The City's competing policies do not allow for procedural Due Process in that the policies do not give the Plaintiff a forum to hear grievances or appeals of discipline. Rather, said policies require Plaintiff to take any appeal or grievance to the

~ 8 ~

very persons who inflict discipline. There are no provisions for review by any one other than an immediate supervisor, Knight and the City Manager.

50. Consequently, the actions stated in this complaint created an environment that allowed the individual defendant agents, and the other named persons in this Complaint to believe that their abusive behavior would not be properly monitored, investigated, nor punished, and that any employee who reported such misconduct would suffer retaliation, both insidious and overt, all of which also constitutes deliberate indifference to the welfare of plaintiff and the public at large.

51. Plaintiff avers that such actions and omissions on the part of Knight constitutes a violation of this law and were done to deprive the Plaintiff of the following rights established under the United States Constitution:

    a. The right not to be deprived of life, liberty, or property without Due Process as secured to her by the Fourteenth Amendment;

    b. Equal Protection of Law;

    c. Freedom of Speech in that the City took actions against plaintiff to silence her reports of police corruption and misconduct, to label plaintiff as a misfit and disgruntled, and to cover-up the misconduct in the eyes of the press and prevent civil liability for the unlawful actions involving Murray.

52. The actions of Knight and the City were done with actual malice toward the plaintiff and with willful and wanton indifference to and with deliberate disregard for the constitutional rights and statutory civil rights of the plaintiff. Thus the plaintiff is entitled to punitive damages, actual damages, and attorney fees pursuant to 42. U.S.C. § 1988.

53. The City had a duty of care to the plaintiff to ensure that is agents were properly trained in the administration of discipline, to include "*Loudermilk*" hearings, and to provide plaintiff a fair and unbiased mechanism in which to address grievances. This failure constitutes a policy, practice, or custom of deliberate indifference.

**2. State Law Claims:**

54. The acts and omissions of the defendants as stated in this Complaint were outrageous, designed to humiliate the plaintiff, and resulted in plaintiff's humiliation, and mental anguish.

55. The acts and omissions of defendants constituted violations of TENN. CODE ANN. § 4-21-701 in that the defendants engaged in harassment of plaintiff for plaintiff's attempts to take action against the misconduct of Delashmitt.

56. The acts and omissions of defendants constituted defamation that subjected plaintiff to humiliation in the eyes of her fellow employees, and members of the public, and to "black-ball" plaintiff in any other employment as a police officer.

57. The acts and omissions of Knight constituted intentional infliction of emotional distress, tort of outrage, civil conspiracy, negligent retention of Delashmitt, and retaliatory discharge.

57. Plaintiff sues Knight in his individual and official capacities.

WHEREFORE, the Plaintiff demands judgment against the Defendants and requests the following relief:

A. That the Defendants be served a copy of this Complaint and be required to answer as required by the Federal Rules of Civil Procedure;

B. That the Court award compensatory damages, and damages for mental anguish in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) and punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000.00);

C. That the Court award attorney's fees under 42 U.S.C. § 1988;

D. That the Court award costs, and discretionary costs;

E. Any other relief the Court may deem fit and proper; and

G. Allow a jury trial on all issues triable by jury.

Respectfully submitted,

BY: _____
ROBIN RUBEN FLORES
TENN. BPR #20751
GA. STATE BAR #200745
Attorney for Plaintiff
4110 – A Brainerd Road
Chattanooga, TN 37411
423 / 267-1575
robinflores@comcast.net